IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BRADEN CHARLES LOSING,<br><br>        Defendant. | CR 20-08-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated a condition of his supervised release.  Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations.  (Doc 58.)

On September 26, 2023, the Court conducted the final revocation hearing.  Defendant admitted the violation alleged in the Petition.  As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to time served, followed by 35 months of supervised release.

I.  **Background**

In 2020, Defendant pled guilty to the offense of prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(3).  (Doc. 32.)  On October 5, 2020, the Court sentenced him to 10 months imprisonment, to be followed by 36 months supervised release.  (Doc. 53.)

1

Defendant began serving his term of supervised release on June 29, 2022.

On August 31, 2023, the United States Probation Office filed the petition now at issue.  (Doc. 56.)  The petition alleges that Defendant violated one condition of supervised release, and provides a brief explanation of the violation. *Id*.  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 57.)

Defendant was arrested on September 7, 2023 (Doc. 66), and made an initial appearance on September 8, 2023 (Doc. 59).  Defendant, represented by counsel, stated that he had read the petition and requested a preliminary hearing and detention hearing.  *Id.*  The Court scheduled the preliminary and detention hearings for September 12, 2023, but later vacated the hearings upon the motion of Defendant.  (Doc. 65.)  As a result, Defendant remained in the custody of the United States Marshal Service pending the final revocation hearing, which was scheduled for September 26, 2023.

## II.    <u>Final Revocation Hearing</u>

Defendant appeared at the revocation hearing represented by Steven Babcock.  Julie Patten represented the United States.  The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute

before Judge Christensen prior to his imposition of sentence.  After consenting to proceed, Defendant admitted the single violation alleged in the petition.

The undersigned accepted the admission and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offenses are class C felonies.  Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5-11 months incarceration.  Defendant could be sentenced to as much as 36 months supervised release, less any incarceration time imposed.  Counsel for the United States and Defendant agreed with those calculations.

Defendant's counsel requested a sentence of time served, with the additional condition that Defendant attend an inpatient program of substance abuse treatment.  Counsel for the United States deferred to the United States Probation Officer's recommended sentence.

## III.   <u>Analysis</u>

Based on Defendant's admission to the violation of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to time served, followed by 35 months supervised release.

After considering the applicable factors in 18 U.S.C. § 3553(a), a sentence below the advisory revocation range is warranted.  As to the nature and

circumstances of the violation, Defendant committed one violation of the conditions of his supervised release, which consisted of Defendant failing to report to his probation officer as directed.  While this is a clear violation of the conditions of his supervision, the non-reporting period lasted approximately two weeks, and had not occurred previously during the time Defendant has been on supervision.

Regarding Defendant's history and characteristics, he has been on supervision for over 14 months, and has been compliant with all of the other conditions of his release.  He has a commercial driver's license, and he has been productive and maintained long-term employment as a truck driver.  He has also maintained sobriety throughout his term of supervision, but acknowledged that a relapse contributed to his failure to report to his probation officer.  In short, until his recent violation, Defendant was successful in his supervision, and he put forth good effort to stay in compliance with the conditions of his supervision.

Additionally, Defendant acknowledged that he would benefit from in-patient substance abuse treatment, and his probation officer has been working to secure a placement for him in a treatment facility.  Obtaining needed substance abuse treatment will serve to prevent future violations and protect the public while Defendant is on supervision.  Therefore, an additional special condition of supervised release requiring Defendant to participate in and successfully complete an inpatient program for substance abuse treatment is recommended.

IV.   **Conclusion**

Defendant was advised that the above sentence would be recommended to Judge Christensen, and reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that he has the right to appear and allocute before Judge Christensen prior to his imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.     Defendant violated the standard condition that he shall notify the probation officer at least ten days prior to any change in residence or employment.

Accordingly, **IT IS RECOMMENDED** that:

1.     The Court should revoke Defendant's supervised release and sentence Defendant to time served, followed by a 35-month term of supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to

which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a *de novo* determination by Judge Christensen, and may waive the right to appear and allocute before Judge Christensen.

DATED this 26th day of September, 2023.

TIMOTHY J. CAVAN
United States Magistrate Judge