IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADEN CHARLES LOSING,<br><br>Defendant. | CR 20-08-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 76.)

On March 14, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court impose a sentence of incarceration until April 11, 2024, followed by 33 months of supervised release.

I.  **BACKGROUND**

In May 2020, Defendant pled guilty to two counts of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(3), respectively. (Doc. 30.) On October 5, 2020, the Court sentenced him

1

to 10 months incarceration on each count, to run concurrently, followed by a term of 36 months supervised release. (Doc. 53.)

On October 12, 2023, Defendant's supervised release was revoked for failing to notify his probation officer of a change in residence. (Doc. 70 at 2.) He was sentenced to a term of time served, followed by 35 months supervised release. (*Id.* at 3.) Defendant began his current term of supervised release on October 12, 2023.

On January 10, 2024, the United States Probation Office filed the petition now at issue. (Doc. 74.) The petition alleges that Defendant violated two (2) conditions of supervised release, and provides a brief explanation of each violation. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 75.) Defendant made an initial appearance on February 22, 2024. (Doc. 78.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for March 14, 2024. (*Id.*)

## II.     FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven C. Babcock. Thomas Godfrey represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and

allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offenses are class C felonies. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration. Defendant could also be sentenced to as much as 35 months supervised release, less any custody time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of incarceration until April 11, 2024, and that he be released on that date to be transported to Rimrock Foundation for inpatient substance abuse treatment. Defendant's counsel concurred with the United States's request.

## III.   ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should impose a sentence of incarceration until April 11, 2024, followed by 33 months of supervised release on both counts, to run concurrently.

/ / /

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, these violations are serious and warrant revocation of supervised release. Defendant's use of controlled substances contributed to both the underlying offense and the first revocation of his supervised release. It is clear he is at a high risk to reoffend and violate his conditions of release if he is using controlled substances. This is again apparent from Defendant's violations here. Defendant relapsed and tested positive for fentanyl on three different occasions, followed by charges of driving under the influence and negligent endangerment.

With respect to Defendant's history and characteristics, Defendant has previously done well under supervision for significant periods of time. He obtained his commercial driver's license and maintained long-term employment as a truck driver. But he has also been susceptible to relapse. If successful in recovery, however, the likelihood for Defendant's success on supervision is favorable.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Defendant was given time served on his previous revocation, which was not sufficient to bring

4

him in compliance with the terms of his supervision.  Defendant has now been in custody since January 9, 2024, first on state charges and then since being turned over to U.S. Marshals Service custody on February 21.  Hopefully, a custodial sentence up to his inpatient treatment date, in addition to this time he has already spent in custody, will be effective in deterring future violations and protecting the public from further crimes.

The undersigned has also considered the need for future educational and correctional treatment.  It is important Defendant be placed back on supervised release following his term of custody to facilitate his transition back into community.  He obviously needs additional mental health and substance abuse treatment and counseling, and inpatient treatment followed by a term of supervised release will give him that opportunity.  Defendant has done well on supervision in the past, and hopefully he will be able to get back on track, and stay on track, during his term of supervision.

Therefore, pursuant to the Sentencing Reform Act of 1984, and after considering the relevant factors enumerated in 18 U.S.C. § 3553(a), the undersigned finds that a sentence of incarceration until April 11, 2024, followed by 33 months of supervised release, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

/ / /

## IV.   CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he admitted to fentanyl use on or around October 17, 2023, October 30, 2023, and November 9, 2023.

2. Defendant violated the mandatory condition that he must not commit another federal, state, or local crime when he was cited for Driving Under the Influence of Alcohol or Drugs (1st Offense), a misdemeanor in violation of Mont. Code Ann. § 61-8-1002(1)(a), and Negligent Endangerment, a misdemeanor in violation of Mont. Code Ann. § 45-5-208.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release, and sentence Defendant to incarceration until April 11, 2024, followed by 33 months of supervised release on both counts, to run concurrently.

/ / /

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 14th day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge